IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:14-CR-16-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MARK ALLEN JENKINS, | ) | |
| aka IBRAHIM IBN ABU-NIDAL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Tarboro Police Department. Defendant did not present any evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a one-count indictment on 11 February 2014 with bank robbery on 13 December 2013 in violation of 18 U.S.C. § 2113(a). The evidence presented at the hearing showed that on the alleged offense date a black male robbed a bank in Tarboro. The first teller the robber approached was too scared to respond to the robber's handwritten demand note, reading in part "This is a bank robbery . . ." But another teller, not knowing the man was a robber, offered to help him and ultimately surrendered to him about $5,900. The robber exited.

The hat and wig apparently worn by him during the robbery were later found in an alley near the bank. A confidential informant advised police that defendant was the robber. The second teller picked him out of a photograph lineup. A subsequent search of defendant's home yielded a yellow writing pad the top sheet of which had the impression of the handwritten words "This is a robbery . . ." and a large number of lottery tickets. There was also a substantial quantity of ammunition in the home despite the fact that defendant, who is 63, had previously been convicted of over 50 felonies.

Police ultimately located defendant at the home of a known drug dealer in the possession of crack cocaine. The clothes defendant was wearing matched those of the robber. Defendant admitted to holding drugs for a drug dealer, but denied involvement in the robbery.

Less than 10 months prior to the robbery, defendant had completed a 5-year term of supervised release, following about 11 years of incarceration, imposed for his conviction in this court for armed robbery and use of a firearm in connection with it. *See* No. 4:96-CR-35-1-F. In addition to the over 50 felonies mentioned, defendant has been convicted of over 15 misdemeanors.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offense charged; the circumstances of the offense charged, including its commission relatively soon after termination of defendant's term of supervised release for bank robbery; defendant's extensive criminal record, including the prior bank robbery conviction in this court; the danger of continued offense

conduct by defendant if released; defendant's mental health history; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his compliance with the terms of supervised release. It finds, however, that the factors favoring detention strongly outweigh such evidence.

### **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 3rd day of March 2014.

_____
James E. Gates
United States Magistrate Judge