IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CR-00016-F-1
No. 4:16-CV-00187-F

| | |
|---|---|
| MARK ALLEN JENKINS,<br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-65] Mark Allen Jenkins' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-57]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Jenkins' Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On February 11, 2014, Jenkins was charged in a single-count indictment with bank robbery, in violation of 18 U.S.C. § 2113(a). *See* Indictment [DE-1]. At Jenkins' arraignment, held on November 4, 2014, he pled guilty to the Indictment without a written plea agreement.

Jenkins' sentencing was held on January 27, 2015, and he was sentenced to 78 months' imprisonment. *See* Judgment [DE-36]; Am. Judgment [DE-44]. On February 3, 2015, Jenkins filed a Notice of Appeal [DE-39]. In an unpublished per curiam opinion, the Fourth Circuit Court of Appeals affirmed this court's judgment. *See* Unpublished Opinion [DE-53].

On June 30, 2016, Jenkins filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-57]. In his § 2255 motion, Jenkin's sole claim is that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he was improperly sentenced. Mot.

Vacate [DE-57] at 4. On August 9, 2016, the Government filed a Motion to Dismiss [DE-65] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Jenkins has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

**Jenkins' *Johnson* claim fails on the merits.**

*Johnson* addressed whether increasing a defendant's sentence based on the residual clause

2

contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

Jenkins' claim must fail because his offense level was not increased based on the residual clause of the Armed Career Criminal Act ("ACCA") or language similar to the residual clause of the ACCA. Jenkins was given a base offense level of twenty because U.S.S.G. § 2B3.1(a) provides that an offense involving robbery has a base offense level of twenty. PSR [DE-33] at 14, ¶ 63. Jenkins' base offense level was increased by two levels pursuant to U.S.S.G. § 2B3.1(b)(1) because the property of a financial institution or post office was taken, or if the taking of such property was an object of the offense. *Id.* ¶ 64. Jenkins' offense level was reduced by three levels for acceptance of responsibility, for a total offense level of nineteen. *Id.* ¶¶ 70-72. Jenkins' criminal history category was determined to be III. *Id.* at 11 ¶ 39. With a total offense level of nineteen and a criminal history category of III, Jenkins' advisory guideline range was determined to be 37-46 months. *Id.* at 15, ¶ 74.

As noted, Jenkins' base offense level was increased only pursuant to U.S.S.G. § 2B3.1(b)(1). This offense level enhancement is not based on a crime of violence or any other definition analogous to the ACCA's residual clause.

Moreover, assuming arguendo that *Johnson* applies retroactively on collateral review to the

3

guidelines[1], Jenkins' guideline range would not have changed because he was not sentenced as a career offender. *See* PSR [DE-33] at 14, ¶ 69. Consequently, *Johnson* does not offer Jenkins any relief.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-65] is ALLOWED and Jenkins' Motion to Vacate [DE-57] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the  16  day of September, 2016.

James C. Fox
James C. Fox
Senior United States District Judge

---

[1] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm (last accessed September 16, 2016)

4